UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIM KAYSER and KATHLEEN M.
HARNOIS KAYSER,

      Plaintiffs,

v.                                                                                  Case No. 12-cv-14901
                                                            Paul D. Borman
GREEN TREE SERVICING, LLC,                               United States District Judge

      Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT GREEN TREE SERVICING LLC'S
MOTION TO DISMISS UNDER FRCP 12(b)(6) (Dkt. No. 3)**

      This is a mortgage foreclosure case. Plaintiffs Tim Kayser and Kathleen M. Harnois Kayser ("Plaintiffs") filed the Complaint in this matter in Wayne County Circuit Court on October 31, 2012. On November 2, 2012, Defendant Green Tree Servicing, LLC ("Defendant") filed a Notice of Removal in this Court. (Dkt. No. 1.) On November 9, 2012, Defendant filed a Motion to Dismiss Under FRCP 12(b)(6). (Dkt. No. 3.) Plaintiffs filed a response on December 20, 2012. (Dkt. No. 7.) Defendant filed a reply on December 26, 2012. (Dkt. No. 8.)

      The Court held a hearing on Defendant's motion on July 31, 2013. At the hearing, Plaintiffs' counsel argued for the first time that non-party Fannie Mae is liable to Plaintiffs based on Fannie Mae's Servicing Guidelines. The Court ordered supplemental briefing on this argument, which Plaintiffs filed on August 14, 2013. (Dkt. No. 9.) Defendant filed a Response to Plaintiffs' Supplemental Brief on August 17, 2013. (Dkt. No. 10.)

      For the reasons stated below, the Court will GRANT Defendants' motion and DISMISS this

1

action.

## I. BACKGROUND[1]

On October 2, 2007, Plaintiff Kathleen Harnois Kayser entered into a mortgage loan transaction with Countrywide Home Loans, Inc., for property located at 19286 West Outer Drive in Dearborn, Michigan. In addition, Plaintiff executed a Second Home Rider on October 2, 2007, which provided that "Borrower shall occupy, and shall only use, the Property as Borrower's second home." (Def.'s Mot. to Dismiss, Ex. B, Second Home Rider.) The Second Home Rider was attached to and incorporated into the mortgage.

Plaintiffs failed to make timely mortgage payments. On September 18, 2012, the mortgage note was assigned by Countrywide Home Loans, Inc.'s nominee, Mortgage Electronic Registration Systems, Inc., to Defendant Green Tree Servicing LLC. Defendant mailed Plaintiff a Notice of Default on July 13, 2012. Plaintiff did not cure the default and Defendant initiated foreclosure by advertisement. Defendant purchased the property at a sheriff's sale on November 8, 2012. On November 9, 2012, Defendant conveyed its interest in the property to Fannie Mae via a quit claim deed.

Plaintiffs filed the Complaint in this matter challenging Defendant's authority to foreclose on October 31, 2012, and Defendant removed the case to this Court on November 2, 2012. Now before the Court is Defendant's Motion to Dismiss Under FRCP 12(b)(6).

## II. LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "the

---

[1]The facts alleged in the Complaint are accepted as true for purposes of this motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

nonmoving party must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level.'" *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

### III. ANALYSIS

The Complaint alleges three counts: (1) Quiet Title, (2) Breach of Mich. Comp. Laws § 600.3205, and (3) Injunction and Other Relief. All three of Plaintiffs' claims are premised on Defendant's alleged failure to comply with Mich. Comp. Laws § 600.3205c, which requires, *inter alia*, a determination of whether a homeowner qualifies for a mortgage loan modification before initiating foreclosure by advertisement proceedings. (Compl. ¶¶ 21-23, 26-27, 29-32, and 34.) Plaintiffs allege that they contacted Defendant about a loan modification, but Defendant never worked with Plaintiffs to determine whether they qualified for a modification, or otherwise followed the statutory scheme prior to initiating foreclosure proceedings. *See* Mich. Comp. Laws § 600.3205c(1) (providing that "the person designated under section 3205a(1)(c) shall work with the borrower to determine whether the borrower qualifies for a loan modification.").

Defendant does not dispute that it did not negotiate with Plaintiffs and offer them a loan modification, as required under § 600.3205c. Defendant argues that it was not required to follow the requirements under § 600.3205c because the property at issue was not used as Plaintiffs' primary residence.

Section 600.3204(4) provides, in part, that a party may not foreclose on a mortgage if

3

"[c]alculations under section 3205c(1) show that the mortgagor is eligible for a loan modification and foreclosure under this chapter is not allowed under section 3205c(7)." Mich. Comp. Laws § 600.3204(4)(g) (footnote omitted). However, this section explicitly provides that it only applies to a foreclosure of "a mortgage of property claimed as a principal residence exempt from tax under section 7cc of the general property tax act . . . ." Mich. Comp. Laws § 600.3204(4).

Defendant argues that Plaintiffs were not subject to the protections under § 600.3205c because they were not claiming the property at issue as a principal residence at the time foreclosure proceedings were initiated. Defendant has submitted property tax records from the City of Dearborn reflecting a Chicago, Illinois address for Plaintiff Kathleen Harnois Kayser, and showing that the property at issue was not eligible for a principal residence exemption ("PRE"). The Court may consider these public tax records in determining Defendant's motion under Rule 12(b)(6). *See Wyser-Pratte Mgmt. Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005) (noting that, on a motion to dismiss, "the court may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice.").

Plaintiffs do not address Defendant's argument in their response. Plaintiffs only state that "[t]he provisions of [Mich. Comp. Laws §] 600.3205c are not separate and apart from the foreclosure by advertisement process itself. Rather, they are 'part of' and 'preconditions' to the foreclosure by advertisement process." (Pls.' Resp. to Defs.' Mot. to Dismiss at 3.) Plaintiffs are correct that § 600.3205c contains certain procedural requirements that must be followed before initiating foreclosure by advertisement of a person's principal residence, but Plaintiffs fail to show how those same provisions apply to Defendant's foreclosure by advertisement of Plaintiffs' second home, which was not claimed as a principal residence on Plaintiff Kathleen Harnois Kayser's state

4

tax filings.

The Complaint alleges that Plaintiffs "reside in the City of Dearborn, Wayne County, State of Michigan." (Compl. § 2.) To the extent that this allegation means that Plaintiffs reside at the property at issue, it is contradicted by the written mortgage agreement, which included a "Second Home Rider" stating that "Borrower shall occupy, and shall only use, the Property as Borrower's second home." (Def.'s Mot. to Dismiss, Ex. A., Mortgage.) "When a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *Williams v. CitiMortgage, Inc.*, 498 F. App'x 532, 536 (6th Cir. 2012) (quoting *Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 454 (7th Cir. 1998)); *see also Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991) (noting "in the event of conflict between the bare allegations of the complaint and any exhibit attached pursuant to Rule 10(c), Fed. R. Civ. P., the exhibit prevails.").

The Court notes that the mortgage agreement was not attached to the Complaint. However, the Court may consider it on a motion to dismiss because the mortgage is referred to in the Complaint and is central to Plaintiffs' claims. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

All three of Plaintiffs' claims fail because each one is premised on Defendant's failure to follow the loan modification procedures set forth in § 600.3205c. As noted *supra*, those procedures only apply to mortgages that are "claimed as a principal residence" pursuant to § 600.3204(4). Because Plaintiffs used the property at issue as a second home, not as a principal residence, Defendant was not required to follow loan modification procedures before initiating a foreclosure by advertisement. Defendant's Motion to Dismiss Under FRCP 12(b)(6) is therefore granted.

Defendant further argues that Plaintiffs' claim to quiet title is barred by the doctrine of unclean hands. *See Yuille v. Am. Home Mortg. Services, Inc.*, 483 F. App'x 132, 135 (6th Cir. 2012) (holding that "[t]he district court properly applied the unclean-hands doctrine, since Yuille received $3.6 million in exchange for the note and mortgage, failed to pay that debt as he agreed, and then sought judicial assistance in avoiding his contractual obligations."). Defendant argues that, as in *Yuille*, there is no dispute that Plaintiff Kathleen Harnois Kayser entered into a mortgage agreement with Countrywide Home Loans, Inc., which was transferred to Defendant. There is also no dispute that Plaintiffs defaulted under the terms of the note and mortgage. Plaintiffs now seek to avoid their obligations under the mortgage agreement through this lawsuit.

As stated *supra*, Plaintiffs have failed to show that Defendant violated any laws when it initiated a foreclosure by advertisement on Plaintiffs' second home. Plaintiffs are only seeking to avoid their obligations under the mortgage agreement. Plaintiffs' quiet title action is therefore dismissed for the additional reason that it is barred by the doctrine of unclean hands.

Defendant argues that Plaintiffs' claim for injunctive relief should be dismissed because it is not recognized as a separate cause of action under Michigan law, and is only a type of relief that a court may grant. The Court agrees. Injunctive relief is a remedy, not a separate cause of action. *Goryoka v. Quicken Loan, Inc.*, 2013 WL 1104991, at *3 (6th Cir. Mar. 18, 2013). Plaintiffs' claim for injunctive relief is therefore dismissed.

In their supplemental briefing, Plaintiffs argue that they should be given leave to amend the complaint so that Fannie Mae can be added as a defendant. Plaintiffs claim that they are eligible for a loan modification, and thus seek to set aside the foreclosure sale, because Fannie Mae *might* have failed to follow certain Servicing Guidelines. In addition to requesting leave to amend, Plaintiffs

6

request additional time for discovery, so that Plaintiffs' counsel can further investigate the Fannie Mae Servicing Guidelines.

The sheriff's sale in this matter occurred on November 8, 2012. The redemption period for the property therefore expired on approximately May 8, 2013. *See* Mich. Comp. Laws § 600.3240(8) (providing for a six-month redemption period for certain residential property). "Michigan courts have held that once the statutory redemption period lapses, they can only entertain the setting aside of a foreclosure sale where the mortgagor has made a clear showing of fraud, or irregularity." *Conlin v. Mortgage Electronic Registration Systems, Inc.*, 714 F.3d 355, 359 (6th Cir. 2013). In addition, the fraud or irregularity "must relate to the foreclosure procedure itself." *Id.* at 360 (internal quotation marks omitted).

Plaintiffs in general should be given leave to amend a complaint "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Court need not give leave to amend when the proposed amendment would be futile. "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417 (6th Cir. 2000).

In this case, Plaintiffs have not made a clear showing of fraud or irregularity relating to the foreclosure process that would justify setting aside the sheriff's sale after the expiration of the statutory redemption period. Plaintiffs' allegations relating to the Fannie Mae Servicing Guidelines, contained in Plaintiffs' supplemental briefing, are not a clear showing of fraud or irregularity. Furthermore, any failure by Fannie Mae to follow its own Servicing Guidelines does not relate to the foreclosure procedure itself. Accordingly, even if Plaintiffs were permitted to amend the Complaint and add Fannie Mae as a party, Plaintiffs' amended claims would not survive a motion

to dismiss. There is no basis in Plaintiffs' proposed claims against Fannie Mae for setting aside the foreclosure sale after the expiration of the statutory redemption period. Plaintiffs' request to amend is therefore denied.

### IV. CONCLUSION

For the reasons stated above, the Court will:

(1) **GRANT** Defendant's Motion to Dismiss Under FRCP 12(b)(6), and;

(2) **DISMISS** the action **WITH PREJUDICE**.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: August 29, 2013

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 29, 2013.

s/Deborah Tofil
Case Manager