UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIM KAYSER and KATHLEEN M.
HARNOIS KAYSER,

    Plaintiffs,

v.                                                                          Case No. 12-cv-14901
                                                                                 Paul D. Borman
GREEN TREE SERVICING, LLC,                           United States District Judge

    Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR
RECONSIDERATION (Dkt. No. 13)**

On August 29, 2013, this Court granted Defendant Green Tree Servicing, LLC's ("Defendant") Motion to Dismiss. (Dkt. No. 11). Now before the Court is Plaintiffs Tim Kayser and Kathleen M. Harnois Kayser's ("Plaintiffs") Motion for Reconsideration which they filed on September, 12, 2013. (Dkt. No. 13). For the reasons stated below the Court DENIES Plaintiffs' Motion for Reconsideration.

**I. STANDARD OF REVIEW**

Plaintiffs' Motion is brought under E.D.Mich. LR 7.1(h)(3), which provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

"A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain."

*Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001). "[A]

motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Public Schools*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003).

## II. ANALYSIS

Plaintiffs allege the Court committed a palpable error when it failed to consider the holdings of *Mitan v. Federal Home Loan Mortgage Corp.*, 593 F.3d 472 (6th Cir. 2012) and *Roller v. Federal National Mortgage Association*, 2012 WL 5828625 (E.D. Mich. Jun. 4, 2012) in its Opinion and Order granting Defendant's Motion to Dismiss. Plaintiffs also argue that whether Defendant violated Michigan Complied Laws § 600.3205c is a question of fact that must survive a motion to dismiss.

Plaintiffs claim this Court did not have the "full benefit" of the *Mitan* and *Roller* decisions at the time it issued its Opinion and Order. This argument is disingenuous at best. Plaintiffs cited and relied on both of these cases in their response to Defendant's Motion to Dismiss. Therefore, where Plaintiffs are merely recycling the same arguments and hoping for a different result there is no palpable error. *See Mount Pleasant Public Schools*, 298 F. Supp. 2d at 637. Further, Plaintiffs have failed to set forth a coherent reason why the Court's alleged failure to consider these cases results in a "palpable error."

The court in *Roller* found a plaintiff had standing to challenge a foreclosure and sheriff's sale after the redemption period expired by alleging irregularities or fraud in the foreclosure process predicated on a violation of § 600.3205c. *Roller*, 2012 WL 5828625, at *2 (citing *Nett v. Wells Fargo Home Mortgage, Inc.*, 2011 WL 1519166, at *3) (E.D. Mich. Apr. 20, 2011). In its previous Opinion and Order, this Court analyzed Plaintiffs' allegations regarding § 600.3205c

and held that the Plaintiffs were not entitled to its protections because the property at issue was a second home at the time of the foreclosure. (Op. & Ord., Dkt. No. 11, at 4; *see* Def.'s Mot. To Dismiss, Ex. B, Second Home Rider). Pursuant to § 600.3204(4)(g), a party cannot foreclose by advertisement on a mortgage if "[c]alculations under section 3205c(1) show that the mortgagor is eligible for a loan modification and foreclosure under this chapter is not allowed under section 3205c(7)." *Id.* (footnote omitted). This section applies *only* to the foreclosure of "property claimed as a principal residence exempt from tax under section 7cc of the general property tax act..." MICH. COMP. LAWS § 600.3204(4). Plaintiffs do not dispute in their motion for reconsideration that the property at issue *was not Plaintiffs' principal residence*. Therefore, even if the Court had failed to consider the *Roller* decision no palpable defect occurred when the case is inapplicable.

In *Mitan*, the Sixth Circuit held a foreclosure by advertisement pursuant to § 600.3204 was void *ab initio* where the defendant failed to follow loan modification procedures. *Mitan*, 703 F.3d at 953. The decision the *Mitan* court relied upon was abrogated nine days later by *Kim v. JPMorgan Chase Bank, N.A.*, 2012 WL 6858059 (Mich. Dec. 21, 2012). In *Kim*, the Michigan Supreme Court held that a failure to comply with the requirements of Michigan's foreclosure by advertisement statute results a foreclosure that is voidable rather than void. *See Cronin v. Bank of America*, Slip Copy, 2013 WL 2626739, at *3-4 (E.D. Mich. Jun. 11, 2013) (recognizing the abrogation and explaining *Mitan* is no longer good law for the "position that a structural defect in foreclosure proceedings voids the foreclosure."). Further, even if *Mitan* was still good law its holding is inapplicable here when Plaintiffs are not eligible for the statutory protections set forth under § 600.3205c.

Finally, Plaintiffs also argue that whether Defendant violated Michigan Complied Laws § 600.3205c is a question of fact that must survive a motion to dismiss. However, the standard to survive a motion to dismiss is not whether a genuine issue of fact remains but whether the non-moving party "has 'state[d] a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As explained *supra* and in its previous Opinion and Order, Plaintiffs have failed to set forth a plausible claim on its face where the statutory protections of § 600.3205c apply only to primary residences pursuant to § 600.3204(4).

Plaintiffs have failed to show any palpable defect in the Court's order granting Defendant's Motion to Dismiss.[1]

### III. CONCLUSION

For these reasons, the Court DENIES Plaintiffs' Motion for Reconsideration (Dkt. No. 13) because it has failed to establish any "palpable error" in the Court's previous ruling or its interpretation of applicable case law.

**SO ORDERED.**

                                                    s/Paul D. Borman  
                                                    PAUL D. BORMAN  
                                                    UNITED STATES DISTRICT JUDGE

Dated: September 24, 2013

---

[1] Plaintiffs appear to request the Court order a facilitation of their "Quite Title" based inexplicably on orders of facilitation from other cases. (*See* Plf. Mot. Ex. 2 & 3). As there has been no palpable error and all of Plaintiffs claims remain dismissed, this request is denied.

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 24, 2013.

                                              s/Deborah Tofil
                                              Case Manager